## ESTATE OF PUHAIKALA.

EXCEPTIONS TO RULINGS OF AUSTIN, J., AT TRIAL BY JURY.

JULY TERM, 1883.

JUDD, C. J., and AUSTIN, J.   McCULLY, J., absent.

In order to sustain a lost will, the jury must be satisfied, from preponderance of evidence, that the will was made and duly executed, and that its contents were substantially and in every essential respect as alleged.

A lost will may be proved by competent secondary evidence; but the execution of a lost instrument need not be proved beyond a reasonable doubt.

Dates need not be proved with exactness.

Neglect of executor to present will for probate during minority of a devisee, should not operate unfavorably to the minor.

OPINION OF THE COURT, BY JUDD, C. J.

This was an application for the proof of a lost will, heard originally by Mr. Justice Austin. The will was by him established and admitted to probate, and the contestants appealed to a jury at the last April Term, and the jury sustained the will.

The issue for the jury to decide was, "whether or not the said Puhaikala did execute a will devising her property in Palama, Honolulu, to Anahiwa, her grand-daughter, the petitioner."

After the evidence for the petitioner was in, the contestants' counsel moved for judgment, on the ground that no case was made to go to the jury, as the testimony for the petitioner was conflicting. This motion being overruled, the contestant now excepts. Upon a review of the testimony, we find there was evidence adduced pertinent to the issue and sufficient to support the verdict.

The counsel for the contestants asked the Court to instruct the jury that, "in order to find a verdict for the plaintiff (the petitioner herein), the jury must be satisfied that the will was dated, made and duly executed, and that the contents were as alleged, without any reasonable doubt; if the petitioner has failed in any of these points, they must find against the will;" which the Court refused, and instead of which charged the jury in a modified form, that in order to find a verdict for the plaintiff (the petitioner herein), the jury must be satisfied that the will was made and duly executed, and that the contents were substantially and in every essential respect as alleged, according to the great preponderance of the evidence, and if the petitioner has failed in any of these points, they must find against the will.

We think that the Judge was right in his charge. As to proof of a lost will, "the proof must restore the entire will, not, perhaps, every letter and word, but all that is important; so that in granting probate the Court will feel assured that it is the probate of the same will which the testator executed." Redfield's Cases, Law of Wills, p. 217.

In *Burton vs. Driggs*, 20 Wallace, 134, Mr. Justice Swayne says: "It is an axiom in the law of evidence that the contents of any written instrument, lost or destroyed, may be proved by competent evidence."

Says Greenleaf (Vol. 1, Sec. 509): "But whether it (the record) be ancient or recent, after proof of the loss, its contents may be proved, like any other document, by any secondary evidence,

where the case does not, from its nature, disclose the existence of other and better evidence."

But there is no rule of law requiring the execution of a lost instrument to be proved beyond any reasonable doubt.

The Court further instructed the jury upon the matter of date, that "it was not necessary to prove the date with accuracy or exactness; that dates rested uncertainly in the human memory; that a mistake of a few months or longer in the date would not be fatal to the will, if it was substantially proved." We think this instruction was in accord with the law, and was correct.

"The Court further charged that the infancy of the petitioner was to be considered, with the other facts in the case, upon the question of delay and laches, and that the neglect of Kupahu, the alleged executor, if any, should not injure her rights under the law."

There is certainly nothing in the law to prevent an executor, under a will in favor of a minor, from presenting it to the Court during the minority of the devisee, but the neglect to do so should not operate unfavorably to the minor, nor raise any presumption that the will was never executed.

Having thus disposed of the exceptions, the verdict of the jury in favor of the petitioner must stand, and the will be admitted to probate.

*F. M. Hatch*, for petitioner.

*E. Preston*, for contestants.

Honolulu, August 13, 1883.